**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Midwest Operating Engineers Retirement Enhancement Fund, Local 150 I.U.O.E. Vacation Savings Plan, Operating Engineers Local 150 Apprenticeship Fund, and the Construction Industry Research and Service Trust Fund, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| Michael A. Simich d/b/a Simich Excavating, | |
| Defendant. | |

Civil Action No.

**COMPLAINT**

Plaintiffs Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Midwest Operating Engineers Retirement Enhancement Fund, Local 150 I.U.O.E. Vacation Savings Plan, Operating Engineers Local 150 Apprenticeship Fund, (collectively "the Funds"), and the Construction Industry Research and Service Trust Fund ("CRF"), hereby file suit against Defendant, Michael A. Simich d/b/a Simich Excavating to compel an audit.

**COUNT I - FUNDS SUIT FOR AN AUDIT**

1. This Court has jurisdiction over this action pursuant to Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132, 1145; and pursuant to § 301 of the Labor Management Relations Act ("LMRA") 29 U.S.C. § 185; and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are located and administered in Cook County, Illinois.

3. International Union of Operating Engineers, Local 150, AFL-CIO ("the Union"), is an employee organization under ERISA, 29 U.S.C. § 1002(4); and a labor organization under the LMRA, 29 U.S.C. § 152(5).

4. Michael Simich is a sole proprietor doing business as Simich Excavating ("Simich") and he has identified himself as "Owner" of that operation (Exhibit A).

5. Simich and the Union are parties to a collective bargaining agreement (attached as Exhibit B) known as the Excavators, Inc. Heavy & Highway & Underground Agreement ("CBA").

6. The CBA and the Agreements and Declarations of Trust incorporated therein require Simich to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1132(e)(2).

7. The CBA and Trust Agreements additionally require Simich to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in the audit where it is determined that Simich was delinquent in the reporting or submission of contributions;

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to require Simich to submit its payroll books and records for auditing or the recovery of delinquent contributions;

(f) Furnish to the Funds a bond in an amount acceptable to the Funds.

8. Simich is delinquent and has breached its obligations to the Funds and its obligations under the Plans by its refusal to complete an audit as requested by the Funds.

9. The Funds have demanded that Simich perform its obligations stated above, but Simich has failed and refused to so perform (attached as Exhibit C).

WHEREFORE, the Funds respectfully request that:

A. An account be taken as to all employees of Simich Excavating covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Funds, covering the period January 1, 2016 to present;

B. Simich be ordered to pay any amounts determined to be due pursuant to such audit;

C. Simich be ordered to submit all delinquent monthly contribution reports to the Funds stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

D. Judgment be entered in favor of the Funds and against Simich for all costs of auditing Simich's records, and the Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

E. Simich be permanently enjoined to perform specifically its obligations to the Funds, and in particular, to continue submitting the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA; and,

F. The Funds have such further relief as may be deemed just and equitable by the Court, all at Simich's cost.

## COUNT II – CRF SUIT FOR AUDIT

1. This Court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties and each party is situated with this judicial district.

3-7. CRF re-alleges and incorporates herein by reference paragraphs 3 through 7 of Count I as paragraphs 3 through 7 and as if fully stated herein.

8. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9).

9. The CBA places similar obligations on Simich with respect to CRF as it does the Funds. Simich is delinquent and has breached its obligations to the CRF by failing and refusing to complete an audit as requested.

10. CRF has demanded that Simich perform its obligations stated above, but Simich has failed and refused to so perform. (See Exhibit C).

WHEREFORE, CRF respectfully requests that:

A. An account be taken as to all employees of Simich Excavating covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to CRF, covering the period January 1, 2016 to the present;

B. Simich be ordered to pay any amounts determined to be due pursuant to such audit;

C. Simich be ordered to submit all delinquent monthly contribution reports to the CRF stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

D. Judgment be entered in favor of CRF and against Simich for all costs of auditing Simich's records, and the CRF's reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

E. Simich be permanently enjoined to perform specifically its obligations to the CRF, and in particular, to continue submitting the required reports and contributions due thereon to CRF in a timely fashion as required by the plans and by ERISA; and,

F. CRF receive such further relief as may be deemed just and equitable by the Court, all at Simich's cost.

Dated: August 28, 2018

Respectfully submitted,

By:   s/ Brad H. Russell
      One of the Attorneys for the Plaintiffs

Attorneys for Plaintiffs

Dale D. Pierson (*dpierson@local150.org*)
Brad H. Russell *(brussell@local150.org)*
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6613
Fx: (708) 588-1647

4